## J. Brisbane *vs.* Pratt.

In an action by an endorsee of a negotiable promissory note, where the plaintiff is shown to have received it of the former holder after it became due, and he fails to show that he paid value for it, the suit is presumed to be prosecuted for the benefit of such former holder.

And in such a suit, the declarations of the former holder, made while he held the note and after it had become payable, (to show *e. g.* that it was given upon an illegal consideration,) are admissible for the defendant.

Assumpsit on a promissory note, endorsee against endorser. The note was made by E. T. Winslow to the order of S. Fox, and was endorsed in blank successively by him, by L. Chappaton, and by the defendant. It was for $1000, and was payable two months after date, and was dated August 13, 1837. Due proof of a presentment for payment and of notice of non-payment was made. The defendant set up, among other grounds of defence, that the note was given to secure a debt which the maker owed to one Albert Brisbane, which was in part for bank notes, of a less denomination than five dollars, issued by a bank in Canada, called the Bank of the People, which A. Brisbane had let the maker have. It appeared that the note was endorsed for the accommodation of the maker, and that at its inception it belonged to A. Brisbane. Evidence was given on both sides upon the question whether the debt for which the note was given included an amount of small notes of the Canada bank. George Brisbane, a brother of Albert, testified that the note in suit was once sued by the direction of Albert, in his, George's, name, though he never had any interest in it; and that on the trial of that cause, Albert Brisbane was sworn and examined as a witness. The defendant's counsel proposed to prove by George Brisbane that Albert, on the former trial, testified that an amount of $100 was included in the note for bank bills of the Bank of the People, of a less denomination than five dollars, which he had turned out to the maker of the note. This evidence was objected to by the plaintiff and excluded by

the judge. The jury found a verdict for the plaintiff, and the defendant moved for a new trial on a case.

*D. Tillinghast & N. Hill Jr.*, for the defendant, insisted that Albert Brisbane was to be taken to be the party in interest, and that his declarations were evidence for the defendant.

*J. A. Verplank*, for the plaintiff.

*By the Court*, JEWETT, J.　I assume that before the defendant offered in evidence the sworn declarations of Albert Brisbane, the fact that he was the owner of the note when the declarations were made, and that it was then past due, had been proved, or that sufficient evidence on that point had been given to carry the question to the jury. The fact proposed to be proved by the declarations of A. Brisbane was material to the question which arose on the trial, viz. whether the consideration of the note or any part of it, consisted of bills issued by the Canada bank of denominations less than five dollars. The existence of that fact would constitute a defence, as it would show that the whole or a part of the consideration of the note was illegal, and the note would therefore be void. (*Stat.* 1830, *p.* 357.)

The question then is, whether the declarations of Albert Brisbane, made while he was the holder of the note and after it had become payable, in the absence of evidence that the plaintiff on record had become the holder for a valuable consideration, were competent to be given in evidence by the defendant. The objection is that it is hearsay evidence, and that Albert Brisbane was a competent witness. This would be unanswerable if the plaintiff was the holder of the note for value; but that not being shown, and it appearing that he became the holder after the maturity of the note, the law deems him as holding and suing, in fact, for the benefit of Albert Brisbane and not in his own right ; and hence their interest in the note was identical. The rule is, that to render the declarations of a previous holder of a note admissible, in behalf of the defendant, such holder

must be identified in interest with the plaintiff. As the proof stood when the evidence was offered, the interest of Albert Brisbane was shown to be identical with that of the plaintiff on the record. The rights and interest of the former in the note continued, and were represented in this suit by the latter. The declarations of Albert were therefore admissible as having been made by the party in interest in the suit. This view of the question was taken by the court for the correction of errors, in the case of *Paige* v. *Cagwin*, (7 *Hill*, 361.) (*See also Cowen & Hill's Notes, p.* 668; *Spargo* v. *Brown*, 9 *Barn. & Cress.* 935; *Beauchamp* v. *Parry*, 1 *Barn. & Adol.* 89.)

The onus of proving a consideration paid by the plaintiff for the transfer of the note, in order to found his objection to the admission of the declarations of Albert Brisbane, lay upon the plaintiff. (*Duckham* v. *Wallis*, 5 *Esp. Rep.* 251; *De La Chaumette* v. *The Bank of England*, 9 *Barn. & Cress.* 208; *Cowen & Hill's Notes*, 475.) I think the judge erred in excluding the evidence, and that a new trial should be granted.

New trial granted