Welles, J.
 

 (after stating the facts.) — The points now presented by the appellant, are: 1. That the superior court should have allowed the defendant’s motion to stay the trial: 2. That Lucius T. Beardsley was an incompetent witness: 3. That there was no proof that the plaintiff owned the note.
 

 I shall dismiss the first and second points, with the remark, that, with respect to the first, the order denying the motion does not involve the merits, or necessarily affect the judgment, but presents a question of practice
 
 *202
 
 merely, from which an appeal will not lie to this court; and, besides, as a question of practice, it seems to have been properly disposed of in the court below. .
 

 And with respect to the second, there appears to be no foundation for it.- The witness was every way competent ; he was not a party to the note; and his name nowhere appeared upon it; he had purchased it, and paid value for it, and afterwards sold it, without a guaranty. I cannot perceive, that he was even interested; and if he was, it did not disqualify him.
 

 The third point requires more consideration. The position of the defendant is, that as there is no proof of a transfer, in fact, from Parks to the plaintiff, and as it was proved that it was over-due when Parks received it, and no proof that the plaintiff paid value for it, the presumption of law is, that the action was prosecuted for the immediate benefit of Parks; and, therefore, that the
 
 *
 
 212 1 *ssue *uPon *he plaintiff’s ownership of the note •J is wholly without proof by the plaintiff to support it.
 

 The appellant relies upon the case of
 
 Brisbane
 
 v.
 
 Pratt
 
 4 Denio 63), in support of this position. In that case, the note had been previously prosecuted in the name of George Brisbane, by direction of Albert Brisbane, for whose account it was originally made, and who had continued to be the owner of it, George having no interest in it, at any time; and on the trial of that cause, Albert was examined as a witness, and testified to certain facts which were material to the defence in the action after-wards brought upon the same note in the name of J. Brisbane. What became of the first suit, or how it was finally disposed of, does not appear. Upon the trial of the second suit, the defendant offered to prove what Albert swore to, on the trial of the first, as admissions made by the real party plaintiff in the second suit, regarding him as being still the owner of the note. It did not appear, that J. Brisbane, the plaintiff, bad paid
 
 *203
 
 anything for the note; and there was no evidence showing how he came by it. The evidence so offered, of the sworn declarations of Albert, was objected to, and excluded; and the plaintiff had a verdict, which the supreme court set aside, upon the ground that such evidence was improperly excluded; the court holding that, inasmuch as the note came to the hands of the plaintiff, after it was due, and as there was no proof that the plaintiff had paid value for it, the jaw deemed him as holding and suing in fact for the benefit of Albert, and not in his own right.
 

 I confess, it is difficult to distinguish that case, in principle, on the ground upon which it appears to have been decided, from the present. In both cases, the notes came to the hands of the plaintiffs, after maturity ;* and in neither, did it appear, how or under what circumstances, the plaintiff became possessed of the note, or that value had been paid for it. In the case in Denio, the plaintiff had the same evidence of ownership as the plaintiff in the present case had; which, in both, was the possession and production of the notes, upon the trial, and nothing else. I am not able to perceive how the fact which appeared in the former suit, that Albert Brisbane had previously attempted *to collect the r note in the name of George, can vary the prin- *- ciple; that only showed that, at that time, Albert was the owner. The note having been indorsed, generally, was transferable by delivery; and the 'presumption of title, arising from the possession of the paper, at the trial, would apply in favor of George Brisbane as well as to the plaintiff in this case. If, therefore, the case referred to is to be regarded as law, it seems to me, the plaintiff in the court below failed to make title to the note, which fact was distinctly put in issue by the pleadings.
 

 The question then is, whether the principle of
 
 Brisbane
 
 v.
 
 Pratt
 
 is to be sustained by this court. The
 
 *204
 
 principal authority referred to in its support, by the learned justice who delivered the opinion, was
 
 Paige
 
 v.
 
 Cagwin
 
 (7 Hill 361), which seems to me to afford it very little, if any, support. The reporter’s syllabus of that case is, that “ declarations made by the payee of a negotiable promissory note, while he owns and holds it, are not admissible against one to whom it is subsequently transferred for value, though the transfer is after maturity.” The action was upon a promissory note, made by the defendant and others, to one Van Dyke, or bearer. It appeared, that Cagwin, the plaintiff in the supreme court, purchased the note, after it was due, of one Gay, and paid full value for it; but it did not appear, how or when Gay came in possession of it, or whether he paid anything for it or not. On the trial, the defendant offered in evidence the declarations of Van Dyke, the payee, made while he was the owner and possessor of the note; this evidence, being objected to, was excluded. A motion for a new trial was denied by the supreme court, and the plaintiff had judgment, which was affirmed in the court for the correction of errors, on the ground, that there was no identity of interest between Van Dyke, the payee, and Cagwin, the plaintiff.
 

 The question had been repeatedly decided in the same way in the supreme court, although the rule established had been often disapproved, and was thought to have been erroneously settled. In
 
 Beach
 
 v.
 
 Wise
 
 (1 Hill 612), involving the same question, Justice Bronson disapproves the rule, and puts his decision upon the'principle . . , of
 
 stare *decisis;
 
 and in 1 Cowen
 
 &
 
 Hill’s Notes * 214 1 J to Phil. Ev. 666, the authorities are reviewed, and it is shown that, not only in England and some of our sister states, but in this state, the courts have vacillated on the subject; and I believe, the question was not considered perfectly settled, until the decision of the case of
 
 Paige
 
 v.
 
 Cagwin.
 
 The prevailing opinion of the court of errors in
 
 Paige
 
 v.
 
 Cagwin,
 
 was delivered by
 
 *205
 
 Lott, senator, who reviews a large number of authorities upon the subject, both English and American, and discusses the question very much at length; and I feel warranted in saying, after an attentive examination of the case, that nothing is said either by Senator Lott, or by Senator Hopkins, who gave a dissenting opinion, going in the least degree to impugn or disturb' the long-established and well-settled rule, that where a plaintiff introduces and proves a negotiable promissory note, payable to a third person, or bearer, or if to the order of such person, by proving his indorsement thereof, the plaintiff is,
 
 prima facie,
 
 not only to be deemed the lawful owner of the note, but that it came to him in the regular course of business, before maturity. Nor is the proposition affirmed, that in such a case, proof that the plaintiff came to the possession of the note, after it became due, would divest him of his title, or make him out a mere trustee, or holder for the benefit of the payee, or any other former holder, unless such inference, was rebutted by proof that he paid value for the note. On the contrary, that very proposition is met and combatted by Senator Lott, at pages 373 to 375.
 

 I feel constrained, upon the whole, to conclude, that the case of
 
 Brisbane,
 
 v.
 
 Pratt
 
 stands alone, and cannot be supported by authority or principle.
 
 [2]
 
 Certainly, no other case that I have been able to find, goes the length of affirming that, by simply proving that the plaintiff received the note, after its maturity, he is divested of his title; or the burden thrown upon him, of showing that he paid value for it. The general rule, as I have already intimated, is, that the possession of the note by the plaintiff, at the trial, is
 
 primé facie
 
 evidence of title. Proof that he received or purchased it after maturity, would have no other effect than to let in a defence as
 
 *206
 
 * 215 1 aSainst *kc Party ^rom whom he ^received it, or ■ -* if the payee did not transfer it, until after it was due, against any previous holder. But then it would not defeat or affect his title.
 

 Until the enactment of the code of procedure, which requires the action to be brought in the name of the real party in interest, the question was generally of no importance, except for the purpose of determining the defendant’s right to introduce certain matters by way of defence. If the note was transferred by the payee, after due, the defence would be open to all the equities existing, at the time of the transfer, between the original parties. If an identity or community of interest in the plaintiff and the payee or former holder were shown, the declarations of the former were admissible, the same as those of the plaintiff upon the record. But in such cases, there was no valid objection to sustaining the action in the name of the plaintiff, provided it could be sustained in the name of any one. These were general rules, familiar to every lawyer.
 

 Under the code of procedure, if it appears that the plaintiff is not the real party in interest, it is a bar to the action, and no further defence is necessary.
 
 [3]
 
 But the code has worked no change in the law, as to what is sufficient proof of the ownership, by the plaintiff, of a negotiable promissory note upon which the action is brought. If I am right in these views, the plaintiff in this case gave sufficient
 
 prima facie
 
 evidence that he was the owner of the note upon which the action was
 
 brought;
 
 and although he received it after, maturity, no defence was offered, which should preclude a recovery; and the judgment should be affirmed.
 

 Judgment affirmed.
 

 [2]
 

 Judge Watson held that Brisbane
 
 v.
 
 Pratt was rightly decided, hut distinguished it from the case under review.
 

 [3]
 

 Eaton
 
 v.
 
 Alger, 57 Barb. 179 ; Hays
 
 v.
 
 Hathorn, 74 N. Y. 486.