SMITH *vs.* SCHANCK.

Where a note, negotiable by delivery merely, is transferred by the payee, and a guaranty of payment indorsed thereon, expressed as being for value received, the possession of the note by the holder is *prima facie* evidence that he owns it; notwithstanding it appears by the date of the guaranty that he did not receive the note until after it became due.

*Brisbane* v. *Pratt*, (4 *Denio* 63,) was erroneously decided; and the decision should not be followed.

Declarations, made by the payee of a negotiable promissory note, while he was the owner, are not admissible against a subsequent holder of the note for value.

But any agreement between the payee and the maker, or proposition or message from the former to the latter, upon which the maker has acted, thereby constituting an agreement, entitling him to claim a deduction from the note by way of payment or set-off, prior to the transfer of the note, may be proved.

The power and duty of the court to set aside the report of a referee, when it is palpably against evidence, which is full and in no way contradicted or discredited, cannot admit of a reasonable doubt.

APPEAL by the defendant from a judgment entered upon the report of a referee. The complaint alleged that on the 25th of August, 1849, the defendant made and delivered to one Peter S. S. McNeil his promissory note for $74, payable on the first day of January thereafter. That on the 10th day of July, 1852, said McNeil transferred said note to the plaintiff, and that the plaintiff was the owner of the note at the time of the commencement of this action. The note was transferred by the following indorsement: " July 10, 1852. For value rec'd, I guarantee the payment of the within note. P. S. S. McNeil." The answer admitted the execution of the note to said McNeil, but *denied that it was the property of the plaintiff.* The answer further alleged that after the note became due, and while the same was still owned and held by McNeill, the plaintiff performed labor and services for McNeil to the amount of $51, under an express agreement between him and McNeil that the same should apply on the note., The answer further alleged that the note was given for a span of horses, &c., which McNeil warranted sound and true, and that they were not sound and true, and claimed to recoupe and offset the damages against the note. And the answer further alleged that McNeil continued to be the owner and holder

of the note until after the same became due ; and that while he so owned and held the note, he was indebted to the defendant to the amount of $51, for work and labor, &c., which he would offset against the note. This action was duly referred to Henry Sherwood, as sole referee, and was tried before him on the 30th day of May, 1853. He made a report in favor of the plaintiff for the sum of $95.57, being the whole amount of the note and the interest.

The facts appearing in evidence on the trial are sufficiently stated in the opinion of the court.

*Hawley & Holliday*, for the appellant.

*F. C. Dininny*, for the respondent.

*By the Court*, T. R. STRONG, J. The decision of the referee, overruling the motion for a nonsuit, was correct. It was admitted by the defendant, both in his answer and at the trial, that he executed the note upon which the action was brought, and which was given in evidence by the plaintiff; and the proof of the signature of the payee, to the guaranty indorsed on the note, was sufficient. As the note was negotiable by delivery merely, and the guaranty was for value received, as expressed therein, the possession of the note by the plantiff was *prima facie* evidence that the plaintiff owned it, notwithstanding it appeared by the date of the guaranty that he did not receive the note until after it became due. The case of *Brisbane* v. *Pratt*, (4 *Denio*, 63,) which is relied on by the defendant, is not applicable, for the reason that the acknowledgment of value received, in the guaranty, is evidence that the plaintiff paid value for the note. But independent of this, I think that case was erroneously decided, and that the decision should not be followed. (*See James* v. *Chalmers*, 2 *Selden*, 209.)

It was not competent for the defendant to prove the declarations of McNiel, the payee of the note, while he was the owner, to affect the plaintiff. (*Paige* v. *Cagwin*, 7 *Hill*, 361.) But any agreement between the payee and the defendant, or message

from the payee to the defendant, upon which the latter acted, thereby constituting an agreement, entitling him to claim a deduction from the note by way of payment or set-off, before the transfer of the note, might be proved. An agreement is an act done, and thereby differs from a simple declaration. It is provable in like manner as a payment in money or property would be.

The testimony of the witness Charles Schanck showed that while the payee was the owner of the note, he sent word by the witness, to the defendant, that he wanted the latter to draw some logs for him, which he had bought of William Schanck; that he wanted the defendant to get them out, and he would allow what was right for it, on the seventy-four dollar note given for the horses; that the witness told the defendant, and he hauled fifty-one logs marked Wm. Schanck; that the logs were left where the payee directed; some were left in the mill yard; and that the defendant then gave directions to have the logs left in a different place, which was complied with. The referee finds that the note in suit was given for a pair of horses, harness, &c., as alleged in the answer of the defendant; and the hauling of the logs and the value of the work were proved by several witnesses. It appeared that after the logs were drawn, William Schanck executed a bill of sale of them to one Babcock. William Schanck was examined as a witness on the part of the plaintiff, and his testimony was similar to that of the witness Charles Schanck, but evidence was given tending to prove his character for truth and veracity to be bad. Laying out of view the testimony of William Schanck, that of Charles, which was not contradicted in any respect, in connection with the other proof above referred to, fully established that the logs drawn by the defendant were drawn at the request of the payee of the note, and that the services were worth from six to ten shillings a log. Whatever was the aggregate value of this labor, the defendant was clearly entitled to have applied on the note. The finding of the referee that the note was entirely unpaid, is directly against clear and undisputed evidence.

The power and duty of the court to set aside the report of a referee, where it is palpably against evidence, which is full and

in no way contradicted or discredited, cannot admit of a reasonable doubt. (*Code,* §§ 272, 268.)

Judgment reversed, and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]