# DECISIONS

OF THE

# COURT OF APPEALS.

---

## LAHENS *v.* FIELDEN.

September, 1862 ; again, January, 1863.

Where the case made upon an appeal, fails to show the court in which judgment was rendered, or to show such judgment as is set forth in the notice of apdeal, the appeal will be dismissed. It is not enough that the case states facts which make it probable, merely, that an appealable judgment has been rendered.*

---

\* In BEECHER *v.* CONRADT (*July*, 1855), it was *held* that if the record of the judgment appealed from shows an actual determination of the court below, at general term, granting judgment, the appeal will not be dismissed on the suggestion that the appellant had not entered judgment at special term, and that it does not affirmatively appear that the case was regularly at the general term by appeal from a judgment.

This was an appeal by the defendant which the plaintiff moved to dismiss on several grounds, which appear in the opinion.

Matthew Beecher brought this action, in the supreme court, against Abraham Conradt, on January 11, 1851, to recover three hundred and ninety-six dollars, with interest, alleged to be due upon a certain contract held by plaintiff as assignee, dated January 3, 1839, and made between Abraham Varick, surviving executor of Benjamin Walker, deceased, and defendant, for a conveyance in fee of a certain piece of land in Herkimer county, to defendant, on condition that defendant should perform the covenant in said contract on his part, whereby he was to pay said Varick or his assigns, three hundred and ninety-six dollars, in five annual payments, with annual interest.

III.—1

But where the court can see that it is probable that the error is clerical, and that in fact a right of appeal exists, it will allow the case to be amended on terms.

An appeal lies to the court of appeals from a judgment of the general term, rendered upon argument, affirming a final judgment of any kind, if the latter is an actual determination of a court of record, and not merely rendered upon default.

The record of the judgment, from which the appeal was taken, was entitled in the supreme court, and dated February 10, 1853, without indi- cating in the heading what term, and the recitals were as follows:

' " This action having been tried before PHILO GRIDLEY, one of the jus- tices of this court, at a circuit court held in and for the county of Oneida, at the academy in the city of Utica, on the eighteenth day of October, eighteen hundred and fifty-one, and the said judge having then and there rendered judgment in favor of the plaintiff against the defendant, for the sum of seven hundred and fifty dollars and sixty cents, with costs, to be taxed, and the defendant having excepted to the ruling of the judge on said trial, and having made a bill of exceptions and thereon moved a new trial, and this court having, at the January term thereof, held at the city of Utica, in the year 1853, denied said motion, which said motion was made and argued at a general term of this court, and the decision of the court thereupon being filed, whereby a new trial in said action is denied, now, on motion of Mann & Edwards, attorneys for the plaintiff, it is or- dered and adjudged that the plaintiff recover of the defendant the said sum of seven hundred and fifty dollars and sixty cents, with interest thereon from the said eighteenth day of October, eighteen hundred and fifty-one, to the day of the entry of this judgment."

[Here followed the addition of interest and costs, as usual.]

*E. J. Richardson,* for defendant, appellant.

*C. A. Mann,* for plaintiff, respondent.

BY THE COURT.—DEAN, J.—As the respondent has omitted to avail himself of the neglect of the appellant's attorneys in procuring the re- turn of the clerk within twenty days after the appeal was perfected, until after the return has been made ; and especially as he has himself, since the return was made, noticed the appeal for argument, he must be held to have waived all objection on that account.

The second and third grounds of motion are for omissions in the return and copies of the printed case, which this court would, on motion, allow the appellant to supply, and the respondent having waited two years be- fore moving to dismiss on account of such omissions, the appellant must now have leave to perfect the return, and copies of the case already served, and without costs.

Lahens·*v.* Fielden.

*So held,* in case of a judgment granted against a plaintiff in consequence of his failure to comply with the terms of an order at special term.[*]

Although an order directing the names of certain parties plaintiff to be stricken out, might be deemed a mere question of practice within the discretion of the court, and not reviewable on appeal in the court of appeals, yet where such an order further requires the remaining plaintiff

---

The reason for the motion, fourthly named, that the judgment appealed from has never been passed upon by the general term, is of a nature, as it goes to the jurisdiction of this court, which cannot be waived by any lapse of time.

This is an appellate court only, and has jurisdiction to review upon appeal, every actual determination made at a general term by the supreme court, in a judgment in an action commenced therein. *Code,* § 11. This is such an action. It remains only to ascertain whether there has been an actual determination of the case made at the general term. The judgment roll is full and explicit on this point. It says, that the motion for a new trial was made and argued at a general term of the supreme court, and that said court "ordered, adjudged," &c. This certainly must be held to be a judgment on an actual determination made at a general term. It is true that the language used might imply that the decision of the supreme court was on an original motion, and not on appeal. But the appellant did not enter up the judgment, and cannot, on a motion to dismiss the appeal, be concluded by its language, unless it is so clear against him as to show that the court below had no jurisdiction in the premises. I think we are bound to presume, although it does not affirmatively appear by the record, that the case was regularly at the general term by appeal, and that we cannot go behind the record, which shows an actual determination at general term, to inquire whether there was a judgment at special term from which an appeal had been taken. The motion to effect that object should have been made in the court below, before the final judgment on the merits at general term.

The fifth ground of motion is intended to reach the question lastly discussed, viz : the want of precise and technical language in the entry of the judgment of the general term. If there was a bill of exceptions and an appeal to the general term, then the general term, on such appeal, could grant or refuse a new trial on such bill of exceptions, and from such determination an appeal to this court could be taken.

We are to presume that there was a regular appeal to the general term. At any rate, the respondent cannot, on this motion, have the appeal dismissed for any reason stated in his notice of motion.

The motion must, therefore be denied. But as the return and printed copies of the case must be amended, leave is granted to the appellant to make such amendments, without costs to either party on this motion.

---

[*] Compare Maltby *v.* Green, reported in this series ; Caughey *v.* Smith, 47 *N. Y.* 244; and Butler *v.* Lee, p. 279 of vol. 1 of this series.

to join such parties as defendants, and prescribes what allegations he should assert in his amended complaint, it presents questions which may be reviewed by an appeal to the court of appeals. And this is so, although the order states that the complaint is dismissed for want of prosecution, if the papers show that the want of prosecution consisted simply in the appellant's refusal to proceed by making his original co-plaintiff's defendants.

Counsel opposing a motion to dismiss an action for want of prosecution, in not complying with an order to amend previously made, are not to be deemed as consenting to an order of dismissal in such sense as to preclude an appeal, by stating that sooner than comply with the order they would allow the complaint to be dismissed, and present the case on appeal.

I. *September*, 1862. Motion to dismiss appeal on the case served, upon the ground of irregularity. The facts appear sufficiently in the opinion.

*Jeremiah Larocque*, for the motion.

*William Curtis Noyes*, for the plaintiff, opposed.

BY THE COURT.—H. R. SELDEN, J.—From the very imperfect manner in which the proceedings in this case are presented on the record brought here for review, it is difficult to ascertain the facts necessary to be understood in deciding this motion. The plaintiff's notice of appeal informs us that he appeals from a judgment rendered by the supreme court of the first district, on September 17, 1859, as such judgment was modified by the general term of said court, on May 31, 1860. The return to this court does not show any judgment rendered on November 17, 1859, but only a record, filed on that day, which repeats the judgment pronounced on the previous June 29. If this recital, which appears to be only the conclusion of the record, is to be regarded as the judgment described in the notice of appeal, there is nothing to show when or where, or by whom it was rendered; though it does appear, by a memorandum at the foot of it, to have been "filed September 17, 1859, at 2 P. M." If we are to exercise the faculty of guessing, and thus arrive at the conclusion that it was made by some judge at some special term in the first district, on or about September 17, 1859, there would still remain the difficulty that it does not

Lahens v. Fielden.

appear ever to have been appealed from, or in any way modified at any general term.

To find grounds for this appeal, it becomes necessary to adopt some other presumption, and none seems more probable than that the appellant intended by his notice to appeal from the judgment pronounced at the special term, on June 27, 1859, (the record of which appears to have been filed on September 17), as such judgment was modified by the general term, May 31, 1860. We then search the record for the judgment of the general term mentioned in the notice, but no such judgment is found. The record shows no judgment of any term, general or special, rendered on May 31, 1860, or at any time in that year. There is what purports to be an order of June 27, 1859, but when or by whom it was made we have no means of ascertaining. We should presume from its recital of appeals from the "judgment order," as it is called, of June 27, and several other orders, that it was the judgment of the general term upon these appeals, but if it was so, the record fails to show it. So far as that shows, the order may as well have been made by the board of aldermen as by the general term of the supreme court. It is very probable that this was a judgment of the general term, and pronounced on May 31, 1860, but we cannot exercise the jurisdiction of an appellate court, upon probabilities however strong; on the contrary, the record must show with certainty the facts upon which such jurisdiction depends. It follows that, upon the present state of the record, there is nothing which this court can review.

The careless manner in which the case comes here, would justify the unconditional dismissal of the appeal; but as an attempt in good faith seems to have been made to appeal, and the defects pointed out, perhaps merely clerical, are such as under the liberal rules which now prevail may be corrected by amendment (*Code*, §§ 174, 327), and the time for appealing has expired, it is proper to give an opportunity for such correction, if the plaintiff has in fact a right to a review of the judgment below attempted to be appealed from.

Assuming that the order last above mentioned was a decision of the general term of the supreme court, rendered on an appeal from the order of June 27, I am of opinion that the plain-

tiff had a right to appeal from that order to this court, and on such appeal to have the order of June 27, and perhaps that of May 25, reviewed here; though as to the last there is great doubt, as the affidavits referred to in the order of May 10, 1858, on what that of May 25, 1859, was based, are not part of the record, and consequently, are not before the court. The order of June 27 was a final judgment, and it was rendered upon the actual determination of the court and not upon default, although it was granted upon the failure of the plaintiff to comply with the terms of the order of May 25. It justified the filing of the record of it, as appears to have been done on September 17, and entitled the defendants to an execution for the four thousand one hundred and thirty-one dollars and eleven cents, which it adjudges to them for the costs of the action. The judgment thus rendered was with some modification affirmed by the general term, as was conceded by respondent's counsel, on the argument of the motion here, though the record does not show it with certainty, and as such affirmance was after argument in behalf of appellant and respondents, it was an actual determination of the general term. The case is therefore directly within subdivision 1 of section 11 of the Code of Procedure, and this court is authorized to review the judgment, and any intermediate order involving the merits and necessarily affecting that judgment.

It was obvious, as is claimed by the respondent's counsel, that the judgment and the orders sought to be reviewed presented mere questions of practice, or were such as rested entirely in discretion, we should dismiss the appeal on that ground, and it may be found on full argument that such is the character of the questions presented, but the case is complicated, and it does not appear so clearly to the court now that such is the case as to justify, for that reason, a dismissal of the appeal on this motion.

The case differs materially from any of those referred to by the respondent's counsel. In Briggs *v.* Bergen, 23 *N. Y.* 162, the appeal was not from the judgment, but from the order striking out the answer.

This case would have been the same if the appeal had been from the order of May 25, and not from the final judgment. In that case, the judgment appears to have been entered by

default, after the answer was stricken out; in this it was entered after argument by counsel for all the parties.

The appeal in Sherman *v.* Felt, 2 *N. Y.* 186, was from an order granting a motion to set aside a decree obtained by default; and in Fort *v.* Bard, 1 *Id.* 43, it was from an order denying a like motion; both calling for the exercise of discretion in mere matters of practice, which this court does not review.

In the case of Dunham *v.* Nicholson, 4 *How. Pr.* 140, the order appealed from, although it directed that the plaintiff have judgment for want of an answer, was interlocutory and not final, as it provided that the defendant should " submit to an examination on oath concerning his property, and the judgment to be given."

The appeal in James *v.* Chalmers, 6 *N. Y.* 209, was from a final judgment, and on that appeal it was sought to reverse an order denying a motion by the appellant before trial in the court below, to stay the proceedings in that suit until after the trial of another action relating to the same matter. This court held that the order did not involve the merits, or necessarily affect the judgment, and was not reviewable here. No other cases were referred to as sustaining the present motion on the conceded facts, and these fall short of it.

There being, as I believe, a substantial right of appeal, though defectively presented by the record, the appellant should be allowed to withdraw the return, with a view to the correction of the record in the court below, and the amendment of his notice of appeal, if he shall be so advised; and he should be required to pay ten dollars costs of this motion, and to cause the amended return to be filed with the clerk of this court, and these printed copies to be served on the respondent's attorney by December 18 next, unless the time shall be extended by one of the judges of this court, and in that case within the extended time, and in default of so doing, the appeal to stand dismissed, with costs to the respondents.

II. *January*, 1863.—The appellant then amended his case by

inserting therein all the intermediate orders, with the affidavits on which they were granted. The respondent having been served with copies of the case, thus amended, moved to dismiss the appeal upon the case itself.

*Jeremiah Larocque*, for the motion.

*William Curtis Noyes*, opposed.

BY THE COURT.—H. R. SELDEN, J.—A motion was made at the last September term to dismiss the appeal, for want of jurisdiction in this court to hear it, which was granted conditionally, on account of formal defects; but the opinion was then expressed that the judgment attempted to be appealed from was a final judgment, which might be subject to review in this court.

The motion to dismiss the appeal is now reviewed, the appellant having made an effort to remove the formal objections. I have not examined the return particularly to ascertain how far that effort has been successful, for the reason that the respondent's counsel expressed a desire, whether the technical objections were removed or not, that they should be disregarded, and the motion decided upon its merits, without reference to them.

So far as the order of May 25, 1858, directs the names of the non-resident partners of Louis Emile Lahens to be stricken out of the bill of complaint filed by him, I am inclined to think it was a mere question of practice, depending upon the exercise of discretion, which is not subject to review here; and if there were nothing else in the order, I should think the present appeal might properly be dismissed; but the further direction, requiring the remaining plaintiff to make them defendants, and prescribing what allegations he should insert in his amended complaint, presents questions of a different character. It would not be proper on this motion to decide whether that direction was erroneous or otherwise, but only whether it is such a direction as this court can examine, and, if satisfied, after hearing counsel in regard to it, that it is erroneous, can correct. I am of opinion that the present appellant had a right to insist upon bringing his cause to trial, after the names

Lahens *v.* Fielden.

of his copartners had been stricken out, without making them defendants, and if he had that right, it was error, and not a mere exercise of discretion, to dismiss the complaint on account of his refusal to make them defendants. It is, to be sure, stated in the order, that the complaint is dismissed "for want of prosecution," and if nothing more appeared, it would present a mere ordinary question of practice, which this court would not review; but the papers taken together show that the want of prosecution consisted simply in the appellant's refusal to proceed by making his original co-plaintiffs defendants, as directed by the order of May 25. The change in the language of the order made at the general term appears to have been designed to present this view more clearly than it was presented by the original order, so as to give the appellant the benefit of that position, if he saw fit to appeal. I am inclined to think that the provisions in the order requiring the appellant's co-plaintiffs to be made defendants, instead of leaving them out of the case entirely, were intended for his benefit, to enable him to secure a prompt appearance and answer from them, which he probably could not have compelled, and his refusal to comply with it would seem to have been unwise; but nevertheless he may have good reasons for insisting that the bringing in those parties as defendants should have been left to his discretion, and that all which it was proper for the court to do in that respect, after striking out their names as plaintiffs, was to grant him leave to make them defendants, if he should be so advised. I have looked carefully through the pleadings, and think the appellant might with some propriety insist that after the striking out the names of his co-plaintiffs, all necessary parties were still before the court, on the ground that his partners were never bound by the accommodation indorsements made by him, and that the defendants having received the notes *from the maker* and not from the indorsers, were chargeable with notice of that fact. If these facts, and the allegations of the complaint in regard to the purpose for which the notes were delivered to the defendants, could be substantiated on a trial, it does not seem to me clear that he would not, with the present parties before the court, be entitled to a decree that the notes be canceled. We need not consider whether these views

can be maintained or not; if they are not clearly unsound, the appellant has a right to be heard in regard to them, or in regard to any other grounds upon which he thinks his action could be maintained with the present parties; and it would not be proper to dismiss his appeal without such hearing. These views prevented the absolute dismissal of the appeal on the former motion, and they lead to a denial of the present motion. The appellant's counsel waived nothing by stating that sooner than comply with the order, he would allow the complaint to Le dismissed, and present the question on appeal. This is far from showing a consent to the order of dismissal, although it shows 'that he regarded such dismissal as the necessary consequence of his refusal to comply with the previous order, which he thought wrong.

The order or judgment of dismissal shows upon its face that it was opposed instead of being consented to by the appellant's counsel; at least such is the inference from its recitals; and besides, it was appealed from to the general term and revived there, as an order not made by consent.

The motion should be denied.