JOHN S. PROUTY *vs.* JOSEPH PRICE, JOSEPH FELLOWS, and others.

Where one holds a mortgage on real estate, to secure the payment of money owing to him by the mortgagor, and before the payment of the money secured by the mortgage, the mortgagee becomes indebted to the mortgagor, on book account, a junior incumbrancer, whether general or specific, upon the mortgaged premises, has the right to have such indebtedness due from the mortgagee to the mortgagor, applied in extinguishment of the mortgage debt.

This right of the junior incumbrancer is absolute, and in general is not subject to be defeated by the parties to the mortgage, unless there are equities in favor of the mortgagee, which should operate to defeat the application of the rule.

But where the balance due from the mortgagee to the mortgagor upon account has passed to the assignees of the latter, under an assignment for the benefit of creditors, and the mortgagee has, without notice of a subsequent mortgage given by the mortgagor, to another person, upon the same premises, settled with such assignees, and paid such balance of account over to them, the junior mortgagee, has no right to have such indebtedness of the mortgagee to the prior mortgagor applied in extinguishment of the prior mortgage.

While the prior mortgagor holds the demands against the mortgagee, the latter has a perfect right to pay him; and such payment will be valid, if made while he is without notice of any equity of the subsequent mortgagee; and payment to the assignees of the prior mortgagor, under similar circumstances, will be equally valid.

APPEAL by the defendants from a judgment entered upon the report of a referee in an action brought to foreclose a mortgage.

The facts appear in the opinion of the court.

*Angus McDonald*, for the appellants.

*Chas. J. Folger*, for the respondent.

*By the Court*, WELLES, J. It is settled by authority which is obligatory upon this court, that where one person holds a mortgage on real estate, to secure the payment of money owing to him by the mortgagor, and before the payment of the money secured by the mortgage, the mortgagee becomes indebted to the mortgagor, on book account, a junior incumbrancer, whether general or specific, upon the mortgaged premises, has the right to have such indebtedness due from the mortgagee to the mortgagor, applied in extinguishment of the mortgage debt; and that this right of the junior incumbrancer is absolute, and in general is not subject to be defeated by the parties to the mortgage, unless there are equities in favor of the mortgagee which should operate to defeat the application of the rule. (*Rosevelt* v. *Bank of Niagara*, 1 *Hopk.* 579 ; *affirmed* 9 *Cowen*, 409.)

It remains to be seen whether the present case can be extricated from the effect and operation of this rule.

The bond and mortgage of Price to the plaintiff was given and dated March 20, 1846, to secure $900 with interest, payable in nine equal annual installments, and the mortgage duly recorded in the proper county, March 23, of the same year. All that was ever paid by Price and applied by the plaintiff in payment on the mortgage, was the interest on the same for two years.

The bond and mortgage given by Price to the defendant Fellows, was executed and bears date May 30, 1855, and was given to secure the payment of $1000. The mortgage was upon the same premises embraced in the prior mortgage of Price to the plaintiff, and was duly recorded August 15, 1855. On the 10th of April, 1856, the defendant Fellows assigned his bond and mortgage to James Simons, who, on the 2d of July, 1860, re-assigned the same to Fellows for $617.50, the debt secured thereby having been reduced to that amount by payments to Simons while he held the bond and mortgage. Prior to such re-assignment by Simons to Fellows, the former had commenced an action in this court, for the foreclosure of the last mentioned mortgage, which action was continued, and a decree of foreclosure entered, under and in pursuance of which the mortgaged premises were sold and bid off at such sale by Fellows, and the premises were conveyed by the referee on the sale, to Fellows, by deed dated September 3, 1860.

On the 22d day of August, 1851, the plaintiff was indebted to Price, on a mutual running book account between them, to the amount of $234.98. About the same time, that account was balanced on the books of Price by his charging the said $234.98 over to a new account, in his books which he opened with the partnership firm of J. S. & H. C. Prouty, consisting of the plaintiff and Hooker C. Prouty. The account so commenced with the said firm, continued running from August 22, 1851, to April 22, 1856, at which time there was due to Price from the firm of J. S. & H. C. Prouty, a balance of $918.24, and the said firm was then

dissolved. The plaintiff, on such dissolution, bought out the interest of H. C. Prouty in the effects of the partnership concern, and, as part consideration of the purchase, assumed the payment of the debts of the co-partnership, and among others, the debt of $918.24 due Price.

On the 6th of June, 1856, Price opened another account with the plaintiff, similar to the foregoing accounts, which continued an open running account until December 12, 1859, when the balance due Price from the plaintiff, on the last account, besides the previous one of $918.24, was $138.60.

On the said 12th December, 1859, Price, having become insolvent, made a general assignment of all his property for the benefit of his creditors, to Brian Stainton and Isaac Shimer, in which preferences were made in favor of certain creditors, over the others ; and among other assets assigned were the accounts due from the plaintiff to Price.

On the 9th of March, 1855, Price borrowed of the plaintiff $100, for which he gave the plaintiff his note, dated on that day.

At the date of Price's assignment, the plaintiff was the owner of a note made by one John Morse, dated June 16, 1848, for $85, payable ninety days from date, upon which Price was liable as indorser. Prior to the year 1859, Price was indebted to the plaintiff on an account for goods and merchandize sold by the latter to the former, but the amount of such account does not appear. Neither of said notes, or said account due the plaintiff appear in the accounts of said Price, against the plaintiff or J. S. & H. C. Prouty, and were not embraced therein.

On the 7th of August, 1860, the said Brian Stainton, one of the assignees of Price, and the plaintiff, settled the accounts between said assignees and the plaintiff, embracing in said settlement the accounts due from the plaintiff individually, and from J. S. & H. C. Prouty to Price, and the said notes and accounts due from Price to the plaintiff ; and upon such settlement liquidated and adjusted the balance

due from the plaintiff to said assignees of Price, on that day, at the sum of $441.79, which amount was received by Stainton as such assignee, from the plaintiff, in full of said settlement and of such balance, in notes, the amount whereof was accounted for by said assignees to the creditors of Price, under the assignment. At the time of such settlement between the plaintiff and Stainton, the former had no knowledge of the existence of the bond and mortgage executed by Price to Fellows. At the time of the sale of the mortgaged premises to Fellows, under the decree of foreclosure, his attorney had notice of the existence of the mortgage from Price to Prouty set forth in the complaint in this action, but the amount due thereon was not stated.

Fellows has continued to be the owner and in possession of the mortgaged premises, to the commencement of this action. Said premises are worth $2800.

The foregoing facts are found by the referee, as appears by his report, and are substantially all the material facts found by him.

The referee found, as conclusions of law:

1st. That the assignment of Price to Stainton & Shimer, his assignees, transferred to said assignees the accounts of Price against the plaintiff and J. S. & H. C. Prouty, and that they had the legal right to settle the same, and receive payment therefor from the plaintiff.

2d. That the settlement had between the assignee, Stainton, and the plaintiff was valid and legal, and the payment of the balance found due, to wit, the sum of $441.79, was a payment of the accounts of the plaintiff and J. S. & H. C. Prouty to Price, before mentioned.

3d. That the accounts due from the plaintiff and J. S. & H. C. Prouty, are neither of them a valid offset or counterclaim in favor of the defendants, Price or Fellows, against the mortgage in this action.

4th. That there was due to the plaintiff, upon the bond and mortgage in the complaint described, the principal sum

of $900, with interest thereon from March 12, 1848, amounting, together, at the date of the report, to the sum of $2083.87, for which amount the plaintiff was entitled to judgment, with costs of this action, and for a sale of the mortgaged premises described in the complaint, and the payment of said judgment out of the proceeds of the sale.

Judgment was thereupon entered, upon filing the said report, in accordance with its provisions ; from which judgment the present appeal is brought.

The defendants, Price and Fellows, claim among other things, that the referee should have applied, in reduction of the amount due on the bond and mortgage of Price to the plaintiff, the several balances found due to Price from the plaintiff, and from the firm of J. S. & H. C. Prouty, together with interest on those balances.

There is, as it seems to me, at least one insuperable objection to this claim of these defendants ; and that is, that those balances passed by Price's assignment to Stainton & Shimer, and were settled with and paid by the plaintiff to Stainton, one of the assignees, and that the plaintiff, at the time of such settlement and payment, was ignorant of the existence of the mortgage to Fellows. I say those balances passed by the assignment, to Price's assignees. By this, I mean that they did so pass so far as the plaintiff's interest was concerned. The referee states, in his findings of fact, that the assignment was general, and that among the assets assigned, were the accounts or balances in question. This I do not think would necessarily, of itself, operate to prevent their application as contended for, provided the plaintiff had notice of the existence of Fellow's mortgage. But having no such knowledge or notice, and the matters now sought to be set off against his mortgage debt having been apparently assigned, he had no one to settle or deal with but the assignees.

Supposing Price had assigned to Fellows those balances against the plaintiff and J. S. & H. C. Prouty, could Fellows

have compelled their application in payment of the plaintiff's mortgage, after the plaintiff had settled and paid them to Price, or his assignee, in good faith and without notice of the existence of the mortgage to Fellows, or of such assignment, or have availed himself of them in any other way, against the plaintiff? It seems to me that it could not be successfully contended that such application could be compelled. The rule which would require such application would, it seems to me, be any thing but equitable. While Price held the demands, the plaintiff had a perfect right to pay him, and such payment would be valid if made while he was without notice of any equity of Fellows, and payment to Price's assignees, under similar circumstances, would be equally valid.

This right of application claimed by Fellows is the important question, on the present appeal. There are a number of other questions, raised and discussed in the printed arguments submitted, all of which I have examined and considered; and I fail to perceive any error committed by the referee, for which the judgment should be reversed.

If my brethren concur with me in the foregoing views, it follows that the judgment should be affirmed, with costs.

Judgment affirmed.

[MONROE GENERAL TERM, December 2, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]