FRANCIS H. TAYLOR, PLAINTIFF, *v.* EUSTIS SURGET, DEFENDANT.

*Promissory note — title to — transfer after death of payee — what must be shown to establish.*

Upon the trial of this action it appeared that the note upon which it was brought was payable to the order of one Norton, and that it remained in his possession, with his name written on its back, up to the time of his death; that his executor transferred it to the plaintiff after its maturity, without indorsing it, and without receiving any consideration for it.

*Held,* that the plaintiff had no title, either legal or equitable, to the note, and that the complaint was properly dismissed.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a dismissal of the complaint at the circuit.

The action was brought upon a promissory note. The complaint was dismissed on the ground that the plaintiff had no title to the note.

*Samuel Boardman,* for the plaintiff. The indorsement of the note by the payee having been admitted by the defendant on the trial, the possession of the note by the plaintiff, and the introduction and reading thereof by him in evidence was *prima facie* proof that it had been delivered to him, that he was the owner thereof and had a right to recover thereon. (*Dean* v. *Hewett,* 5 Wend., 257; *Seeley* v. *Engell,* 17 Barb., 530; *James* v. *Chalmers,* 6 N. Y. [2 Selden], 209; *Case* v. *Mech. Bank Ass.,* 4 N. Y. [Coms.], 166; *First Nat. Bank* v. *Green,* 43 N. Y., 298; *Wiltsee* v.

*Northam*, 5 Bosworth, 421–28; *Brown* v. *Ponfield*, 36 N. Y., 473, 4–5; *Bedell* v. *Carll*, 33. N. Y., 581; *Westervelt* v. *Allcock*, 3 E. D. Smith, 243; *Barlow* v. *Meyers*, 64 N. Y., 41–6.)

*John E. Ward*, for the defendant. Plaintiff has no title to the note sued on, which will enable him to maintain the action. Under the provisions of the Code, every action must be prosecuted in the name of the real party in interest. (Code, § 111; *Killmore* v. *Culver*, 24 Barb., 656; *Lord* v. *Cheeseboro*, 4 Sand., 696; *Parkerson* v. *Totten*, 10 How. Pr., 233; *White* v. *Brown*, 14 How. Pr., 282.) Even under the provisions of the common law, the note sued on being the property of the payee, Norton, at the time of his death, the title passed to his executors, and could only have been transferred to the plaintiff by their indorsement and delivery. Indorsement by the payee in his lifetime, and delivery by the executor after his death, without the indorsement of such executor, gives no title upon which the plaintiff can maintain an action. (*Bromage* v. *Lord*, 1 Exch., 32; *Clark* v. *Sigourney*, 17 Conn., 511; *Clark* v. *Boyd*, 2 Ohio, 56; *Michigan Ins. Co.* v. *Leavenworth*, 30 Vermont, 11; Parsons on Notes and Bills, vol. 1, chap. 5, 159; Story on Prom. Notes, § 120 to 123; Story on Bills, § 195.)

Brady, J. :

The note in controversy was payable to the order of Captain Aleck Norton, and was at its maturity in his possession, where it continued down to the time of his death. It then formed a part of his estate. It was transferred by his executor to the plaintiff in this suit, by delivery, and without indorsement. There was no consideration paid for it, and, the plaintiff was a stranger to the executor. It is very apparent that the transfer was made for the purpose of prosecuting the note, and that the plaintiff to whom it was transferred received it for that purpose. He failed to show any legal title to the note, because of the manner in which it was transferred. He also failed to show any equitable title, because there was no proof that he parted with any consideration for it. On the contrary, the evidence tends to show quite strongly that he paid nothing. Under such circumstances the complaint was

properly dismissed. (*Clark* v. *Phillips*, 21 How., 87.) Although the case of *Brisbane* v. *Pratt* (4 Denio, 63), may be regarded as overruled by the cases of *James* v. *Chalmers* (6 N. Y., 209); *Seeley* v. *Engell* (17 Barb., 534), and *Smith* v. *Schank* (18 Barb., 344), and the possession of a note may be presumptive evidence of ownership, the presumption can be overcome, and is overcome when the evidence shows that no consideration was paid for it.

The motion for a new trial should be denied, and judgment ordered for the defendant on the dismissal.

Davis, P. J., and Ingalls, J., concurred.

Motion for new trial denied; judgment ordered for defendant.