Bocices, J.
This is an appeal by the defendant from a judgment against him, directed by a referee, declaring the mortgage in controversy between the parties satisfied and discharged by payment of the mortgage debt.
The sole question litigated before the referee was that of payment. He found in favor of the plaintiff, that the debt secured by the mortgage had been fully paid, and directed that the mortgage be canceled of record. We cannot with propriety, as we think, reverse the judgment on the ground that the finding of fact by the referee is without evidence in its support, or that it is against the weight of evidence. The case rested before him on a sharp conflict of proof. That submitted on the part of the plaintiff went clearly and distinctly to sustain the alleged payment; nor was it from a single witness without corroboration and against a reasonable probability of its truth. On the other hand, the evidence on the part of the defendant tended strongly to a contrary conclusion. N or does the fact that witnesses spoke under a possible bias from interest— both pecuniary and in feeling—change the settled rule applicable to a review of firidings of fact by the court on appeal; on the contrary, such fact makes the propriety of the rule more emphatic. The rule in such case is that the findings of the referee must be accepted as conclusive upon the parties. It was said by this court in Boosa v. Smith (17 Hun, 138), with other pertinent remarks applicable to the subject, to which attention is invited, “we think it very clear that the general term cannot in a doubtful case upon conflicting evidence assume the place of the referee, and determine from the mere reading of the evidence who has told the truth or is best entitled to credit. This would be imposing upon us a duty unsafe to exercise and dangerous in its ordinary use.” There are many other cases to the same effect. See also the recent case of Baird v. Mayor (96 N. Y., 567; on pages 577-8-9). We do not think the judgment should be reversed on the ground that the finding of the referee on the facts is erroneous.
*801 It remains, then, for us to examine the exceptions entered to rulings on questions of evidence.
The mortgage was made by the plaintiff and her husband to Henry and Ephraim Alderman, in April, 1869, and was by them assigned, with a bond executed to accompany it, to the defendant, July 19, 1884. The plaintiff claimed that the mortgage debt had been fully paid to the mortgagees prior to the assignment to the defendant; and as evidence bearing on the subject of such payment, the plaintiff was allowed, against objection and exception, to testify to what were called accountings and settlements between her husband, the mortgagor, and the Aldermans, the mortgagees. She testiiied that she knew of more than one; that she thought there was one in April,. 1874, and several others, either that year or the next year; that Ephraim was the one with whom the business was principally done; she then testified as follows: “ There was a general looking over of accounts and bills on several occasions; the first looking over was September 1, 1874, $349.50 was found due my husband to be indorsed on bond and mortgage; second interview was in April, 1875, $300; third interview, August, 1875, twenty dollars and thirty-five dollars; September, 1876, $130.20, all due my husband from Aldermans. I recollect the transaction of April, 1875 (changed to 1874), the sum then agreed upon was $300.” The principal ground of error as respects the admission of this evidence is that it was but an admission of a former holder of the mortgage, and was inadmissible to affect the rights of the present plaintiff, who thereafter became the assignee for value of the security. It should be observed, however, that the transaction spoken of occurred while the relation of the parties was that of debtor and creditor, and related to matters involving that relation. As a transaction relating to and affecting those matters it was admissible, as would be evidence of a money payment by one to the other, had it been made. The evidence was much more in its significance than a mere admission by a former holder of the security, of an existing fact, unaccompanied by any act or transaction between the parties. It proved, if credited, a .transaction, the looking over of accounts adjusting the items, with an agreement between the parties—or perhaps a prior understanding between them during the running of the account—as to the application of the balances settled upon, or to be settled upon by them; and this, as above suggested, at a time when their relation of debtor and creditor remained unaffected by any assignment of any claim or demand then within the scope of their action. It may be well assumed that as yet, that is, until the parties had ascertained the balance in each instance *802 there had been no application of it, but when found by them it was to go in payment of the mortgage. The transaction would be an accord and satisfaction as to the accounts in each instance of looking over, on an application upon the mortgage of the balance found, as was understood and agreed should be done; and under such circumstances the agreement to make the application would be as effectual by way of payment upon the mortgage as if receipted to that effect or endorsed thereon.
In either case the fact of payment would exist, the difference being only the evidence of the fact. Both parties would be concluded by the transaction—the mortgagor from further claim upon the matters of the account, and the mortgagees from denying the payment upon the mortgage as agreed. Davis v. Spencer 24 N. Y., on page 391. The case is covered by the doctrine laid down in Smith v. Schanck (18 Barb., 344), where it was said, in effect, that any agreement between the creditor and the debtor upon which the latter acted, thereby constituting an agreement, entitling him to claim a deduction from the demand, by way of payment or set off, before transfer of it, might be proved; that an agreement is in act done, and thereby differs from a simple declaration; and is provable in like manner as a payment in money or property would be. And it follows, that what was said by the parties while the settlement was in progress was admissible as part of the res gestee. In the view here taken of the case, the authorities cited by the counsel for the appellant, on this branch of it, have no application. The transactions testified to, if credited, constituted both in equity and law, payments upon the mortgage, and they were open to proof as such, the same as would be a payment in money or in property. So too, payment of a bond may be established by paroi proof. See, also, as bearing on this case Prouty v. Fellows 50 Barb., 344. We think the evidence above considered was properly admitted.
After the witness Enos, had been fully examined and cross-examined, and at a future time, he was again called and sought to be questioned, generally as to matters before testified to by him. The objection was taken that the matter had been fully gone over by the witness on his former examination. The objection was sustained. In this ruling there was no error. It was a ruling within the discretion of the referee. But it does not appear that an exception was taken to the ruling. This point of error is not therefore well taken.-
It is further suggested that the defendant was present at a time when it was determined between the mortgagor and mortgagees that there remained unpaid on the mortgage the *803 sum of $644.59; and that the plaintiff is therefore, estopped from denying such alleged fact. In the first place, the fact whether this sum was agreed upon by the parties as remaining unpaid, was in dispute on all the evidence; and secondly, it does not appear that the defendant took the assignment of the security relying on such stipulated fact; nor does it appear that the referee found or was requested to make a finding one way or the other upon this subject.
We are of the opinion that the judgment should be affirmed with costs.
Landón, J.
I am inclined to think the testimony of Mrs. Holcomb as to the alleged accountings between her husband and Ephraim Alderman admissible. If this testimony is to be regarded as simply the declarations of Aider-man, then it should be excluded under the rule which forbids the declarations of the assignor of a chose in action to be given against his assignee for value. Von Sachs v. Kretz, 72 N. Y., 548. But if the declarations form part of the res gestee of the acts of the mortgagor and mortgagee by which the accounts between them for bark and lumber which the mortgagor had furnished to the mortgagee were settled and adjusted, and the balance found due the mortgagor agreed to be applied upon the mortgage, then the rule of exclusion does not apply. The distinction is plain. The declarations that are excluded are mere ex post facto talk; the declarations that are admissible are the spoken part of transactions wherein the parties are adjusting their liabilities one to the other.
I concur with Brother Bocees.
Learned, P. J., does not vote.